**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

MATTHEW G. SULLIVAN,
#15761-026,

          **Petitioner,**

v.

WARDEN, *USP Marion*,

          **Respondent.**

Case No. 19-cv-01277-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Matthew G. Sullivan, a federal prisoner incarcerated at the United States Penitentiary located in Marion, Illinois ("USP Marion"), filed this habeas corpus action pursuant to 28 U.S.C. § 2241.[1]

The Court **GRANTS** Sullivan's Motion to Amend. (Doc. 4). The Amended Petition is attached to Doc. 4 and is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

Relying on *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), *United States v. De La Torre*, 940 F.3d 938 (7th Cir. 2019), and *Najera-Rodriguez v. Barr*, 926 F.3d 343 (7th Cir. 2019), Sullivan argues that his prior Illinois drug convictions were improperly used to

---

[1] Sullivan filed a prior Section 2241 petition in this District, *Sullivan v. Warden*, Case No. 17-640, but it raised a different issue.

enhance his statutory sentencing range under 21 U.S.C. § 841(b)(1)(A).

Sullivan was indicted on four counts of violating 21 U.S.C. § 841(a)(1) in the Central District of Illinois. *United States v. Sullivan*, Case No. 12-cr-10115-JES. The government filed a notice under 21 U.S.C. § 851 of intent to rely on two prior convictions. Under the version of Section 841 then in effect, two prior convictions resulted in a mandatory life sentence. Sullivan agreed to plead guilty on one count, and the government agreed to rely on only one of his prior convictions, which had the effect of increasing his statutory minimum sentence from 10 years imprisonment to 20 years.

Given the limited record and the still-developing law in this area, it is not plainly apparent that Sullivan is not entitled to habeas relief. Without commenting on the merits of Sullivan's claims, the Court concludes that the Amended Petition survives preliminary review under Rule 4 and Rule 1(b), and a response shall be ordered.

### DISPOSITION

The Court **GRANTS** the Motion to Amend/Correct (Doc. 4), and the Clerk of Court is **DIRECTED** to **DOCKET** the Amended Petition attached to Doc. 4.

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before **April 6, 2020.**[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Sullivan is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this

---

[2] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate during this litigation is a guideline only. *See* SDIL-EFR 3.

action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED:   March 16, 2020

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**